UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMES PUBLISHING COMPANY

v.                                      CASE NO. 8:23-mc-00014-WFJ-SPF

UNITED STATES OF AMERICA

## UNITED STATES OF AMERICA'S RESPONSE TO MOTION TO INTERVENE AND TO OBTAIN ACCESS TO SEARCH WARRANT RECORDS

The United States of America, pursuant to this Court's May 15, 2023

Order, doc. 5, hereby responds to and opposes aspects of the *Times Publishing*

*Company's Motion to Intervene for the Limited Purpose of Obtaining Access to Search*

*Warrant Court Records with Supporting Memorandum of Law* ("Motion to Unseal"),

filed May 12, 2023. Doc. 1. The Motion to Unseal requests that this Court

permit the Times Publishing Company ("The Times") to intervene in the

processes of a United States' ongoing criminal investigation for the purpose of

moving to unseal all court documents related to a search warrant executed at a

Tampa residence on May 8, 2023,[1] including: (1) the search warrant; (2) the

search warrant application; (3) any motion to seal search warrant-related records;

(4) any resultant order regarding a motion to seal; (5) any search warrant returns;

---

[1] The search warrant at issue was executed at 5914 North Tampa Street, Tampa, FL 33604, the residence of a former reporter and a Tampa City Councilwoman.

and (6) all probable cause affidavits (the "PC Affidavit") filed in support of obtaining the search warrant.[2]

The Times separately filed an accompanying motion for oral argument on its Motion to Unseal. Doc. 2. The United States does not object to that motion for oral argument but does believe that oral argument is unnecessary here, given the agreements between the United States and The Times, as set forth below, and the limited scope of the remaining issue concerning the PC Affidavit, which has been fully briefed by both parties.[3]

## I.    INTRODUCTION

In the interest of transparency, as well as the principle that limitations on public access to judicial proceedings should be "narrowly tailored," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982), the United States does not object to The Times's request for permission to intervene in this matter to request this Court to unseal search warrant-related records. Further, except for proposed narrowly tailored redactions to three of the Search Warrant Records for the reasons discussed below, the United States does not object to The Times's request to unseal the first five (of six) items listed in its Motion to Unseal,

---

[2] The court documents are collectively referred to in the Motion to Unseal as the "Search Warrant Records." The United States will likewise collectively refer to the documents in this filing.

[3] To the extent the Motion to Unseal asserts that there exists "so much publicity surrounding the search," doc. 1 at 12, that assertion overstates the coverage. The execution of the search and seizure at issue has generated only limited publicity concerning the event itself and some other baseless speculation.

specifically: (1) the search warrant (with minor redactions); (2) the search warrant application (with minor redactions); (3) the motion to seal search warrant-related records; (4) the resultant order regarding that motion to seal; and (5) the search warrant return (with redactions). In that regard, the United States has entered into an agreement with The Times for those five Search Warrant Records to be unsealed, *see* doc. 13, and has filed a motion with the assigned magistrate judge, requesting that the records be unsealed in accordance with that agreement.

Notwithstanding, for the reasons explained below, the United States ***does oppose*** The Times's effort to unseal the PC Affidavit submitted in support of the United States' search warrant application. That affidavit must remain sealed to protect and safeguard the integrity of the ongoing federal criminal investigation, the safety and security of law enforcement personnel, the privacy of unnamed and uncharged subjects of the investigation, and the privacy of third-party fact witnesses and victims.

## II.   MINOR REDACTIONS WERE APPROPRIATELY MADE TO CERTAIN DOCUMENTS PRIOR TO UNSEALING

### A.   The Search Warrant

Prior to reaching any agreement with The Times concerning its Motion to Unseal, the United States conferred with counsel representing the subject identified in Attachment B to the search warrant. Per that subject's counsel, there was no objection to the subject being identified in the search warrant should it be

unsealed, though counsel did request that any telephone number associated with the subject be redacted. The United States and The Times, through its counsel, Jon M. Philipson, conferred and concurred with that position.

      B.    <u>The Search Warrant Application and Search Warrant Return</u>

The United States also had no objection to the search warrant application and the search warrant return being unsealed, provided that any names and signatures of any federal special agents and any internal Federal Bureau of Investigation ("FBI") investigative numbers or identifiers be redacted from those two documents prior to their unsealing. Minor but important redactions are often necessary to protect the identity and personal safety of a federal special agent or other law enforcement officer.

Specifically, information in the search warrant application or in a search warrant return that would identify federal agents involved in a criminal investigation could unnecessarily subject those agents to harassment, reprisal, or retribution. Further, it is appropriate at this juncture that any internal identification number or identifier utilized by the FBI be redacted from the search warrant return, given that such identifiers are used only for internal FBI tracking and reporting purposes. The United States conferred with Mr. Philipson who confirmed that The Times had no objection to the proposed redactions to the search warrant application and the search warrant return prior to the documents being unsealed.

### III.   THE PC AFFIDAVIT SHOULD REMAIN SEALED TO PROTECT THE INTEGRITY OF THE ONGOING INVESTIGATION AND FOR OTHER PURPOSES

As acknowledged in The Times's Motion to Unseal, a search warrant affidavit can be sealed if the Court determines in clearly articulated findings that closure serves a compelling interest and is no greater than necessary to serve that interest. Doc. 1 at 8-11; *see also Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("right to inspect and copy records is not absolute...." "As with any other form of access, it may interfere with the administration of justice and hence may have to be curtailed."); *Globe Newspaper Co.*, 457 U.S. at 606 (right of access to criminal trials is of constitutional stature but not absolute); *and see*, *e.g., In re: Search of WellCare Health Plans Inc.*, Case No. 8:07-mj-01466-TGW, Doc. 7 at 3-7; *and In re Search of Office Suites for World & Islam Studies,* 925 F. Supp. 738, 742 (M.D.Fla. 1996).

Here, in deciding whether to grant the Motion to Unseal, this Court should balance the historical presumption of access against "the government's compelling interest in the protection of a continuing law enforcement investigation." *United States v. Valenti,* 987 F.2d 708, 712-714 (11th Cir.), *cert. denied,* 114 S.Ct. 289 (1993) (ongoing law enforcement investigation is a compelling government interest justifying denial of newspaper's access to transcripts of closed proceedings); *and see, e.g., In re: Search of WellCare Health Plans Inc.*, Case No. 8:07-mj-01466-TGW, Doc. 7 (referencing *Valenti* and noting

that the Eleventh Circuit has recognized prejudice to an ongoing investigation as compelling reason for closure); *In re Search of Office Suites For World & Islam Studies,* 925 F. Supp. at 741-743 (same).

The necessity for maintaining the seal on the PC Affidavit is particularly compelling and far outweighs any party's right of access at this juncture. Indeed, the Eleventh Circuit, in addressing a pre-indictment challenge to grand jury proceedings, has explained the importance of maintaining secrecy during a federal criminal investigation:

> The courts' concern for grand jury secrecy and for the grand jury's law enforcement function is generally greatest during the investigative phase of grand jury proceedings. Premature disclosure while an investigation is pending may frustrate the investigation by allowing the persons under investigation to escape, to suborn perjury, or to bribe or intimidate potential witnesses or members of the grand jury. Premature disclosure may also damage the reputations of persons the grand jury's final investigation may exonerate.[4]

*Blalock v. United States*, 844 F.2d 1546, 1550 n.5 (11th Cir. 1988).

The lengthy and detailed PC Affidavit contains many particulars of the ongoing criminal investigation, including the scope and focus of certain aspects of the investigation, information about multiple individuals who are or may become subjects of the investigation, references to one or more potential witnesses and victim entities, and other specific information which, if known by any person or party, could be used to undermine and hobble the United States'

---

[4] Similar grand jury secrecy concerns exist in the ongoing investigation.

legitimate and significant investigative efforts.  *See, i.e., In re Search of Office Suites For World & Islam Studies,* 925 F. Supp. at 743 (the United States' reasons for sealing the search warrant affidavit are compelling and far outweigh press's right of access where affidavit contains identifications of subjects, scope and direction of investigation, and references to witnesses). Indeed, the conduct set forth in the PC Affidavit reveals an investigation that may, if properly safeguarded, extend well beyond the specific facts and events described therein.

Unsealing the PC Affidavit at this time could also lead to other unintended negative consequences that would undermine the investigation, such as corroding the quality of recollections maintained by potential witnesses and victims. One of the primary goals of the ongoing criminal investigation is to determine multiple individuals' *complete and truthful independent recollections* of certain events and issues, absent external information, pressure, or education, and to preserve those recollections via special agent reports or sworn testimony before the grand jury. Informing said potential witnesses and victims of information already secured by the United States in an investigation could unintentionally pollute the criminal investigation by impacting the recollections of the potential witnesses and victims.

In addition, the Supreme Court has long recognized that premature disclosure of investigative information creates a risk that "persons who are accused but exonerated" may be "held up to public ridicule." *Douglas Oil Co. v.*

*United States*, 441 U.S. 211, 219 (1978); *see also, e.g., United States v. Steinger*, 626 F.Supp. 2d at 1231, 1235 (disclosure of names of subjects and of matters being investigated "could have devastating consequences for those persons who have been cleared of any misconduct, as well as for those still under investigation"). Those risks and potential consequences exist here, in that the PC Affidavit contains significant information about other persons and entities that could be utilized to identify and harm their privacy and reputational interests if disclosed.[5]

Moreover, neither redaction of, nor extraction of excerpts from, the PC Affidavit is appropriate at this juncture of the investigation as neither would sufficiently protect the government's compelling interests in the ongoing federal criminal investigation and could expose other individuals and entities to unnecessary harms and harassment. The lengthy and detailed PC Affidavit is drafted and structured in such a manner that to simply redact names or to extract excerpts from the affidavit would still reveal significant and detailed aspects of the investigation to date, including the current scope, direction, and focus of the investigation, and could potentially reveal the identity of one or more potential subjects and/or cooperating witnesses and victims. Thus, such information, if revealed, would irreparably harm the integrity of the ongoing criminal investigation, the safety and security of law enforcement personnel, the privacy

---

[5] Protecting the identities of the uncharged is also consistent with government counsel's professional responsibilities. *See* Justice Manual § 9-27.760 ("Limitation on Identifying Uncharged Third-Parties Publicly").

of unnamed and uncharged subjects, and the privacy of third-party fact witnesses and victims. *See, e.g., In re: Search of WellCare Health Plans Inc.*, Case No. 8:07-mj-01466-TGW, Doc. 7 at 3-7; *and see In re Search of Office Suites For World & Islam Studies,* 925 F. Supp. at 743-744.

WHEREFORE, that aspect of The Times's Motion to Unseal that requests this Court unseal the PC Affidavit supporting the search warrant should be denied. The United States respectfully requests that this Court enter an Order denying that aspect of the Motion to Unseal and articulating that, having considered other less restrictive means to protect the United States' ongoing investigation, such as, redaction of names and extraction of excerpts, the United States' reasons for maintaining the seal as to the PC Affidavit are compelling and outweigh the press's right of access, in that the PC Affidavit contains many particulars of the ongoing criminal investigation, including information about the scope and focus of the United States' ongoing criminal investigation that could be used to undermine and hobble that investigation, as well as other information

that could cause harm or impede individuals who are presently considered subjects, third-party witnesses, or victims of the conduct under investigation.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:    */s/ Jay G. Trezevant*
       Jay G. Trezevant
       Assistant United States Attorney
       Florida Bar No. 0802093
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone:   (813) 274-6000
       Facsimile:    (813) 274-6358
       E-mail: jay.trezevant@usdoj.gov

10

**Times Publishing Company v. U.S.**          **Case No. 8:23-mc-00014-WFJ-SPF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jon M. Philipson, Esq.


<u>*/s/ Jay G. Trezevant*</u>
Jay G. Trezevant
Assistant United States Attorney