UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMES PUBLISHING COMPANY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Case No. 8:23-mc-0014-WFJ-SPF
8:23-mj-1541-SPF

## ORDER

    Before the Court is the Times Publishing Company's Motion to Intervene for the Limited Purpose of Obtaining Access to Search Warrant Court Records (8:23-mc-0014-WFJ-SPF, Doc. 1), the parties' Joint Notice Under Local Rule 3.09 (*Id.*, Doc. 13), the United States' Response (*Id.*, Doc. 17), and the United States' Motion to Unseal filed in a related criminal proceeding (8:23-mj-1541-SPF).

    On May 4, 2023, the undersigned found probable cause supported the United States' application for a warrant to search 5914 North Tampa Street, Tampa, Florida 33604, for evidence relating to violations of 18 U.S.C. § 1030 (intentional unauthorized access of a computer), and 18 U.S.C. § 2511 (intentional interception and disclosure of wire, oral, or electronic communication). The Court approved the search warrant and, at the United States' request and in the interests of justice, it sealed the search warrant application, the search warrant, the affidavit supporting the search warrant, the United

States' motion to seal these documents, and the Order sealing them.  FBI agents executed the search warrant on May 8, 2023, an act that generated publicity.

At this juncture, the Times Publishing Company moves to intervene for the purpose of requesting that the Court unseal the application, warrant, affidavit in support, motion to unseal, the Court's Order sealing the documents, and any search warrant returns (the "Search Warrant Records").  The United States does not oppose the Times Publishing Company's motion to intervene or its request to unseal most of the Search Warrant Records (with minor, unopposed redactions) but does object to the Court unsealing the search warrant affidavit.

Upon consideration of the parties' and the public's interests, the Court grants the Times Publishing Company's unopposed request to intervene.  *See United States v. Ellis*, 90 F.3d 447, 449 (11th Cir. 1996), *cert. denied* 519 U.S. 1118 (1997); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983).  The Times Publishing Company, as the publisher of a daily newspaper of general circulation, has standing to intervene to petition the Court for access to the Search Warrant Records.  *See, e.g.*, *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 10, 13 (1986) (recognizing media's right of access to preliminary proceedings).

The next issue is the Times Publishing Company's request to unseal the Search Warrant Records.  Both the First Amendment and common law protect the media and the public's right of access to judicial proceedings and records.  *See Chicago Tribune Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-11 (11th Cir. 2001); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-98 (1978).  This "presumption of public access" to judicial records exists because "access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice."  *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021).  The presumption extends to search warrants and the documents filed in support of search warrant applications.  *See In re Search of Office Suites for World & Islam Studies Enter.*, 925 F. Supp. 738, 742 (M.D. Fla. 1996).

      The parties have conferred, and with limited redactions, the United States agrees to the unsealing of the Search Warrant Records, except for the agent's supporting affidavit (8:23-mc-0014-WFJ-SPF, Doc. 17).  After reviewing the proposed redactions, the Court grants the parties' requests to unseal the following documents filed in 8:23-mj-1541 (with the agreed-upon redactions): (1) the search warrant application; (2) the search warrant and attachments; (3) the motion to seal; (4) the Order granting the seal; and (5) the search warrant return.  The redactions the United States proposes – the subject of the search warrant's phone number, the names and signatures of federal special agents, and FBI investigative numbers and identifiers (*see* 8:23-mc-0014-WFJ-SPF, Doc. 17) – are necessary to safeguard both law enforcement and the subject of the search warrant and protect their legitimate privacy interests.  The Court has weighed the public's interest in accessing this redacted material against the United States' interest in keeping the redacted information under seal, and the scale tips toward the United States.  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

The remaining issue is the Times Publishing Company's motion to unseal the agent's probable cause affidavit, which the United States opposes. The United States must articulate a specific, compelling interest that justifies the ongoing seal and must demonstrate that the seal is no broader than necessary to serve that interest. *See In re Search of Office Suites*, 925 F. Supp. At 742; *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992). With this in mind, the Court **ORDERS**:

(1) The Times Publishing Company's Motion to Intervene for the Limited Purpose of Obtaining Access to Search Warrant Court Records (8:23-mc-0014-WFJ-SPF, Doc. 1) is **GRANTED in part** as follows: the Times Publishing Company is permitted to intervene in this matter and the following documents are unsealed (with agreed redactions) and filed in the public docket as an attachment to this Order: (1) the search warrant, including attachments; (2) the search warrant application; (3) the motion to seal the search warrant documents; (4) the Order sealing the search warrant documents; and (5) the search warrant return, all filed in 8:23-mj-1541-SPF. The Court **DEFERS RULING** on the Times Publishing Company's request to unseal the agent's affidavit in support of the search warrant, pending further judicial consideration.

(2) Likewise, the United States' Motion to Unseal is **GRANTED** in part, as specified above. The undersigned **DEFERS RULING** on the United States'

request to maintain the agent's affidavit under seal.

**ORDERED** in Tampa, Florida, on May 26, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE