Search Warrant Record #1
Search Warrant
(with redactions)

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>5914 North Tampa Street, Tampa, FL 33604 | )<br>)<br>)<br>)<br>)<br>) |

Case No.

**8:23MJ1541SPF**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Middle_____ District of _____Florida_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __5/18/2023__  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____The Honorable Sean P. Flynn_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  __5/4/2023 at 2:43 pm__                    _____
                                                                                          *Judge's signature*

City and state:               _____Tampa, FL_____                    Sean P. Flynn, U.S. Magistrate Judge
                                                                                          *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Attachment A

**ATTACHMENT A**
Description of Premises to Be Searched

The Target Location is known as 5914 North Tampa Street, Tampa, FL 33604 and is
identified as follows:

The Target Location is a one-story single-family home that is pink in color with a
brown shingle roof and stucco exterior. The front of the Target Location faces east
toward North Tampa Street and has several white and pink columns which support
the covered porch and carport, located to the north side of the Target Location. A
mailbox at the end of the driveway bears the number "5914". An unattached
secondary suite exists on the property to the rear, or west, of the Target Location,
facing east. This secondary suite is also colored pink, with siding, a white roof, and a
teal front door.

The Target Location includes any vehicles, trailers, sheds, and other buildings on the
curtilage of the property. The Target Location is located within the City of Tampa,
which is in the Middle District of Florida.

Attachment B

**ATTACHMENT B**
Particular Things to be Seized

All records and other evidence relating to violations of 18 U.S.C. § 1030 (intentional unauthorized access of a computer), and 18 U.S.C. § 2511 (intentional interception and disclosure of wire, oral, or electronic communication) (collectively, the "Criminal Conduct"), those violations involving Timothy Burke and occurring after August 1, 2022, including:

1. Any books, records, or ledgers associated with items or services sold to or received from companies, or individuals associated with said companies, involved in posting or hosting electronic streaming content.

2. Hard copy and/or electronic records of contacts and exchanges (including drafts and final versions, and any related subparts) with companies, or individuals associated with said companies, involved in posting or hosting electronic streaming content.

3. Evidence reflecting payment in any form, including cash, checks, wire transfers, online payment service, ACH transfer, and/or cryptocurrency (to include hardware wallet(s) and pass phrase(s)) from companies, or individuals associated with said companies, involved in posting or hosting electronic streaming content.

4. Computers, storage media, cell phones, smart phones (including the smart phones associated with telephone number ███████, used as a means to

commit the Criminal Conduct described above, including downloading confidential materials without authorization in violation of 18 U.S.C. § 1030(a)(2).

5.  For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a.  evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b.  evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c.  evidence of the lack of such malicious software;

   d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.  evidence of the times the COMPUTER was used;

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  records of or information about Internet Protocol addresses used by the COMPUTER;

l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

6. Routers, modems, and network equipment used to connect computers to the
Internet.

As used above, the terms "records" and "information" includes all forms of
creation or storage, including any form of computer or electronic storage (such as
hard disks or other media that can store data); any handmade form (such as writing);
any mechanical form (such as printing or typing); and any photographic form (such
as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or
photocopies).

The term "computer" includes all types of electronic, magnetic, optical,
electrochemical, or other high speed data processing devices performing logical,
arithmetic, or storage functions, including desktop computers, notebook computers,
mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which
computer data can be recorded.  Examples include hard disks, RAM, floppy disks,
flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the Subject Premises described in
Attachment A, law enforcement personnel are authorized to: (1) press or swipe the
fingers (including thumbs) of any individual, who is found at the subject premises
and reasonably believed by law enforcement to be a user of a device found at the
premises, to the fingerprint scanner of the device; or (2) hold a device found at the
premises in front of the face those same individuals and activate the facial

recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

Search Warrant Record #2
Search Warrant Application
(with redactions)

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>5914 North Tampa Street, Tampa, FL 33604 | )<br>)<br>)<br>)<br>)<br>) |

Case No.

# 8:23MJ1541 SPF

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
   See Attachment A.

located in the _____ Middle _____ District of _____ Florida _____, there is now concealed *(identify the person or describe the property to be seized)*:
   See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
   ☑ evidence of a crime;
   ☑ contraband, fruits of crime, or other items illegally possessed;
   ☑ property designed for use, intended for use, or used in committing a crime;
   ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1030 | intentional unauthorized access of a computer |
| 18 U.S.C. § 2511 | intentional interception and disclosure of wire, oral, or electronic communication |

The application is based on these facts:

See attached affidavit.
   ☑ Continued on the attached sheet.
   ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
      18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

███████████████
*Applicant's signature*

██████████ Special Agent FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
   _____ Telephone _____ *(specify reliable electronic means)*.

Date:   5/4/2023

City and state: _____ Tampa, FL _____

*Judge's signature*

Sean P. Flynn, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**
Description of Premises to Be Searched

The Target Location is known as 5914 North Tampa Street, Tampa, FL 33604 and is

identified as follows:

The Target Location is a one-story single-family home that is pink in color with a

brown shingle roof and stucco exterior. The front of the Target Location faces east

toward North Tampa Street and has several white and pink columns which support

the covered porch and carport, located to the north side of the Target Location. A

mailbox at the end of the driveway bears the number "5914". An unattached

secondary suite exists on the property to the rear, or west, of the Target Location,

facing east. This secondary suite is also colored pink, with siding, a white roof, and a

teal front door.

The Target Location includes any vehicles, trailers, sheds, and other buildings on the

curtilage of the property. The Target Location is located within the City of Tampa,

which is in the Middle District of Florida.

## ATTACHMENT B
Particular Things to be Seized

All records and other evidence relating to violations of 18 U.S.C. § 1030
(intentional unauthorized access of a computer), and 18 U.S.C. § 2511 (intentional
interception and disclosure of wire, oral, or electronic communication) (collectively,
the "Criminal Conduct"), those violations involving Timothy Burke and occurring
after August 1, 2022, including:

1. Any books, records, or ledgers associated with items or services sold to or
   received from companies, or individuals associated with said companies,
   involved in posting or hosting electronic streaming content.

2. Hard copy and/or electronic records of contacts and exchanges (including
   drafts and final versions, and any related subparts) with companies, or
   individuals associated with said companies, involved in posting or hosting
   electronic streaming content.

3. Evidence reflecting payment in any form, including cash, checks, wire
   transfers, online payment service, ACH transfer, and/or cryptocurrency (to
   include hardware wallet(s) and pass phrase(s)) from companies, or individuals
   associated with said companies, involved in posting or hosting electronic
   streaming content.

4. Computers, storage media, cell phones, smart phones (including the smart
   phones associated with telephone number ███████████), used as a means to

commit the Criminal Conduct described above, including downloading confidential materials without authorization in violation of 18 U.S.C. § 1030(a)(2).

5. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.  evidence of the times the COMPUTER was used;

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  records of or information about Internet Protocol addresses used by the COMPUTER;

l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

6. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the Subject Premises described in Attachment A, law enforcement personnel are authorized to: (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; or (2) hold a device found at the premises in front of the face those same individuals and activate the facial

recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

Search Warrant Record #3
Motion to Seal Search Warrant
Related Records

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE SEARCH OF:

PREMISES LOCATED AT:
5914 North Tampa Street
Tampa, FL 33604

CASE NO.

# 8:23MJ1541 SPF

## IN CAMERA

## MOTION TO SEAL APPLICATION FOR SEARCH WARRANT, WARRANT AND AFFIDAVIT FOR SEARCH WARRANT

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, respectfully moves this Court to seal the (1) Application for Search Warrant, (2) Warrant, (3) Affidavit for Search Warrant in this matter, and (4) this Motion to Seal, and in support thereof says as follows:

Disclosure of the contents of the affidavit may cause the subjects to flee, destroy evidence, disclose facts that could jeopardize an ongoing criminal investigation, and cause witnesses named in the affidavit to be subject to possible harassment or retaliation from individuals who are the subjects of the investigation or who have an interest therein.

WHEREFORE, the United States respectfully moves the Court to seal (1)

Application for Search Warrant, (2) Warrant, (3) Affidavit for Search Warrant in this

matter, and (4) this Motion to Seal until further order of the Court.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

2

Search Warrant Record #4
Order Regarding Motion to Seal
Search Warrant Related Records

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE SEARCH OF:

CASE NO.

PREMISES LOCATED AT:
5914 North Tampa Street
Tampa, FL 33604

**8:23MJ1541 SPF**

## IN CAMERA ORDER

     Upon the written motion of the United States of America to seal the (1)

Application for Search Warrant, (2) Warrant, (3) Affidavit for Search Warrant in this

matter, and (4) Motion to Seal:

     The Court finds that the interests of justice require that the Application for

Search Warrant, Warrant, Affidavit for Search Warrant in this matter, and Motion

be sealed; therefore

     IT IS ORDERED that the Motion to Seal is Granted;

     IT IS FURTHER ORDERED that the (1) Application for Search Warrant, (2)

Warrant, (3) Affidavit for Search Warrant in this matter, and (4) Motion to Seal be

sealed by the Clerk of the Court ~~until further order of the Court~~ *for one year. SPF*;

     DONE AND ORDERED at TAMPA, Florida this 4th day of May, 2023.

_____
SEAN P. FLYNN
United States Magistrate Judge

Copy to:   AUSA Jay G. Trezevant

Search Warrant Record #5
Search Warrant Return
(with redactions)

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>5914 North Tampa Street, Tampa, FL 33604 | )<br>)<br>)<br>)<br>)<br>) |

Case No.

## 8:23MJ1541SPF

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the          Middle          District of          Florida
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     *5/18/2023*          *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to          The Honorable Sean P. Flynn          .
                                                                                                 *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     *5/4/2023 at 2:43 pm*                    _____
                                                                                             *Judge's signature*

City and state:          _____ Tampa, FL _____               Sean P. Flynn, U.S. Magistrate Judge
                                                                                     *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>8:23MT1541SPF | Date and time warrant executed:<br>MAY 8, 2023   0640 HRS | Copy of warrant and inventory left with:<br>LEFT ON KITCHEN TABLE |
| Inventory made in the presence of : ▮▮▮▮▮▮▮▮▮▮ | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

SEE ATTACHED EVIDENCE COLLECTED ITEM LOG. NO PERSONS WERE SEIZED.

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date:  5/23/2023

▮▮▮▮▮▮▮▮▮▮▮▮▮▮
*Executing officer's signature*

▮▮▮▮▮▮▮▮  SPECIAL AGENT
*Printed name and title*

FD-886 (Rev. 4-13-16)

# EVIDENCE COLLECTED ITEM LOG

Print Legibly. More than one line may be used for each item, if necessary.

Page 1 of 2

Date:   5/8/2023   Case ID:

Location:   5914 N Tampa St, Tampa, FL 33604

Preparer/Assistants:

Personnel (full names and initials):

| Item # | Description (e.g., One black Samsung flip phone, Serial #) | Location (e.g., Room) | Specific Location (e.g., Specific area w/in room) | Collected by/ Observed by (First Name and Last Name)) | Packaging Method | Comments (If needed) |
|---|---|---|---|---|---|---|
| 1 | One (1) gray iPhone on dresser | E | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | Placed in airplane mode |
| 2 | One (1) gray Apple laptop, Model A2681, Serial number FDK2W0Y91Y with charging cable on coffee table | D | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 3 | One (1) gray Apple laptop, Model A1278, Serial number C1MH3D0SGV13 with power cord, on desk | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 4 | One (1) gray Macbook Air, Model A1466, Serial number C02MM0SNFLCG with power cord on desk | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 5 | One (1) gray Apple laptop Serial number W8019987AGZ with power cord on table | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 6 | One (1) black rackmount PC on table | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | Side panel missing |
| 7 | One (1) black rackmount PC on table | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 8 | One (1) white computer tower on floor | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 9 | One (1) gray Apple laptop, Model A1369, Serial number C02GKS9S6DJWT on floor | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 10 | One (1) gray Lacie external hard drive on server rack | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | |
| 12 | One (1) gray Apple laptop, Model A1708, Serial number C02V94BZHV22 with charging cord on the left | J | 5914 N Tampa St, Tampa, FL 33604 | | Anti-static | Screen does not work |

FD-886 (Rev. 4-13-16)

# EVIDENCE COLLECTED ITEM LOG

Print Legibly. More than one line may be used for each item, if necessary.

Page 2 of 2

| | | | | | |
|---|---|---|---|---|---|
| | side of desk | | | | |
| 14 | One (1) black PC tower on floor | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| 15 | Three (3) notebooks from bookshelf | J | 5914 N Tampa St, Tampa, FL 33604 | Paper | One (1) black-cover notebook, one (1) red-cover spiral notebook, one (1) green-cover spiral notebook |
| 16 | One (1) notebook from kitchen counter | K | 5914 N Tampa St, Tampa, FL 33604 | Paper | One (1) blue-cover spiral notebook |
| 17 | One (1) Crucial solid state drive Serial number 2136ESCF45C8 from server rack | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | Photographed as Item 13 |
| 18 | One (1) Apple iPhone Model A1387, white; one (1) Apple iPhone Model A1660, black; one (1) Apple iphone, Model A1660, silver - All on desk | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | All powered off |
| 19 | One (1) black ORICO external hard drive with power cord under desk | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| 20 | One (1) back ASUS PC Serial number CCPDCG0019WM from floor under table | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| 21 | One (1) Crucial solid state drive in black enclosure Serial 2039E48Z5TCF with USB cable on the desk | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| 22 | One (1) Crucial solid state drive Serial number 2151E15F5G090 on bookshelf | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| 23 | One (1) black mini PC S/N 2239G66E78 from desk | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| 24 | One (1) black Hitachi 500GB hard drive S/N 80G3XZLOwith two cords on top of 8 | J | 5914 N Tampa St, Tampa, FL 33604 | Anti-static | |
| DE1 | One (1) PNY 64GB USB3 gray | Item 8 | 5914 N Tampa St, Tampa, FL | Anti-static | CS created copy of signal chats and videos |

**ATTACHMENT A**
Description of Premises to Be Searched

The Target Location is known as 5914 North Tampa Street, Tampa, FL 33604 and is

identified as follows:

The Target Location is a one-story single-family home that is pink in color with a

brown shingle roof and stucco exterior. The front of the Target Location faces east

toward North Tampa Street and has several white and pink columns which support

the covered porch and carport, located to the north side of the Target Location. A

mailbox at the end of the driveway bears the number "5914". An unattached

secondary suite exists on the property to the rear, or west, of the Target Location,

facing east. This secondary suite is also colored pink, with siding, a white roof, and a

teal front door.

The Target Location includes any vehicles, trailers, sheds, and other buildings on the

curtilage of the property. The Target Location is located within the City of Tampa,

which is in the Middle District of Florida.

**ATTACHMENT B**
Particular Things to be Seized

All records and other evidence relating to violations of 18 U.S.C. § 1030
(intentional unauthorized access of a computer), and 18 U.S.C. § 2511 (intentional
interception and disclosure of wire, oral, or electronic communication) (collectively,
the "Criminal Conduct"), those violations involving Timothy Burke and occurring
after August 1, 2022, including:

1. Any books, records, or ledgers associated with items or services sold to or
   received from companies, or individuals associated with said companies,
   involved in posting or hosting electronic streaming content.

2. Hard copy and/or electronic records of contacts and exchanges (including
   drafts and final versions, and any related subparts) with companies, or
   individuals associated with said companies, involved in posting or hosting
   electronic streaming content.

3. Evidence reflecting payment in any form, including cash, checks, wire
   transfers, online payment service, ACH transfer, and/or cryptocurrency (to
   include hardware wallet(s) and pass phrase(s)) from companies, or individuals
   associated with said companies, involved in posting or hosting electronic
   streaming content.

4. Computers, storage media, cell phones, smart phones (including the smart
   phones associated with telephone number ███████████), used as a means to

commit the Criminal Conduct described above, including downloading confidential materials without authorization in violation of 18 U.S.C. § 1030(a)(2).

5. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

6. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the Subject Premises described in Attachment A, law enforcement personnel are authorized to: (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; or (2) hold a device found at the premises in front of the face those same individuals and activate the facial

recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.