UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMES PUBLISHING COMPANY

                                                                        Case No.: 8:23-mc-00014-WFJ-SPF

v.

UNITED STATES OF AMERICA
_____/

## TIMES PUBLISHING COMPANY'S REPLY

Pursuant to the Court's Order (Doc. No. 21), Times Publishing Company ("The Times") files this Reply to the Government's Response (Doc. No. 17). The only remaining issue is the unsealing of the probable cause affidavit.

The Court, at a minimum, should unseal a redacted version of the affidavit because: (1) the search has generated even greater public concern since the filing of the Motion (Doc. No. 1); (2) the Government has merely offered conclusory assertions insufficient to justify a continued sealing, hence failing to carry its burden to overcome The Times' presumption of access; and (3) as information has become public, sealing can no longer be justified.

        I.        **The Search is of National Public Concern**.

The search of the home of well-known journalist Timothy Burke and Councilwoman Lynn Hurtak has generated national media coverage, contrary to the Government's bald assertion that "the search at issue has generated only limited publicity." (Doc. No. 17 at n. 3). *But see* (Doc. No. 1 at n. 1).

As revealed on May 26, 2023, the search relates to an investigation of alleged computer intrusions and intercepted communications at Fox News Network involving the leaked videos published by Media Matters for America and Vice News.[1]  Further, in a letter sent by the Government to Fox News Network, the assigned Assistant U.S. Attorney in this matter identified Fox Corporation as "one of the potential victim-witnesses of the alleged criminal conduct under investigation."[2]

This latest revelation has generated a swath of national and internal news coverage, with multiple news outlets confirming they obtained copies of the Government's letter to Fox Corporation.[3] These revelations further enhance the newsworthiness and public concern surrounding this search.

---

[1] *See Tucker Carlson, Fox News hacks tied to FBI search of Tampa council member's home*, Tampa Bay Times, May 26, 2023, *available at:*
https://www.tampabay.com/news/tampa/2023/05/26/tucker-carlson-fox-news-hacks-tied-fbi-search-tampa-council-members-home/.  *See U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) (noting the Court may take judicial notice of newspaper articles for the purpose of noting statements within those articles).

[2] *Justice Department opens criminal hacking probe into leaked Tucker Carlson videos*, May 26, 2023, CNN, *available at*: https://www.cnn.com/2023/05/26/media/tucker-carlson-doj-criminal-hacking-probe/index.html.

[3] *See, e.g., Report: The FBI search of Lynn Hurtak's home is tied to Tucker Carlson, Fox News hacks*, Florida Politics, May 26, 2023, *available at*: https://floridapolitics.com/archives/614926-report-the-fbi-search-of-lynn-hurtaks-home-is-tied-to-tucker-carlson-fox-news-hacks/; *FBI Raid of Tampa Journalist Connected to Tucker Carlson Leaked Clips*, May 27, 2023, Vanity Fair, *available at*: https://www.vanityfair.com/news/2023/05/tucker-carlson-leaks-fbi-investigation-tampa-journalist*; FBI Raid on Journo's Home Reportedly Related to Embarrassing Tucker Carlson Vids*, May 27, 2023, Daily Best, *available at*: https://www.thedailybeast.com/raid-on-journalist-tim-burkes-home-related-to-tucker-carlson-videos-report; *FBI probes 'hack' of Fox News computers which saw unaired footage from Tucker Carlson's interview with Kanye West leaked to Vice: Florida media consultant's home is searched as part of investigation*, May 26, 2023, The Daily Mail, *available at:*

II. **Government Fails to Justify a Complete Sealing of the Affidavit**.

It is the Government's burden to overcome the presumptive right of public access to judicial records by articulating a specific, compelling interest justifying an ongoing seal that is no broader than necessary to serve that interest. *See* (Doc. No. 18 at 3-4).

The Government's Response failed to provide any specificity to justify the continued sealing, rather relying on nonspecific language, such as the affidavit must remain sealed to protect and safeguard an ongoing investigation and to protect the privacy of third-party witnesses and victims. (Doc. No. 17 at 3, 6-8).

Such generalities fall well below the high standard required. Rather, to justify sealing the affidavit, the Government needed to describe in considerable detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved. *See* (Doc. No. 1 at 9 (collecting cases)).

Moreover, sealing cannot be justified when names within the affidavit have become public. For example, Fox Corporation, Vice News, and Media Matters have all been mentioned in news coverage. *See, supra* at n. 3; *see also Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) (in deciding whether sealing is appropriate, court must consider "whether the press has already been permitted

---

https://www.dailymail.co.uk/news/article-12129235/FBI-probes-hack-Fox-News-computers-theft-unaired-footage.html.

substantial access to the contents of the records"); *Wash. Post v. Robinson*, 935 F.2d 282, 291-92 (D.C. Cir. 1991) (stating sealing not justified when same information had already been published in news reports). To the extent that the probable cause affidavit contains any of this information, or other details about the investigation already reported in the press, there is no compelling interest in maintaining it under seal.

Even if the Government could show a compelling interest, less intrusive alternatives to sealing must be considered, such as redaction. *See Newman*, 696 F.2d at 802. Already public portions of the affidavit, for example, should be made public even if the Court finds a compelling interest for maintaining other discrete portions under seal. The Government paints with too broad of a brush by claiming that there is no possible way to redact any portion without the risk of revealing the identify of a witness. (Doc. No. 17 at 8); *see In re Four Search Warrants*, 945 F. Supp. 1563, 1568 (N.D. Ga. 1996) (releasing redacted search warrant affidavits where "much of the information" they contained had "already been made widely available to the public" through news reports).

At a minimum, under these circumstances, the Court should release a redacted affidavit, following the recent approach of a sister court when dealing with a highly publicized search warrant. *See In re: Sealed Search Warrant*, Case No. 22-8332-BER, Slip Op. at 1 (ECF Nos. 74 & 80) (S.D. Fla. Aug. 18 and Aug. 22 and

4

Aug. 25, 2022) (ordering unsealing of redacted affidavit); *In re: Sealed Search Warrant*, Case No. 22-8332-BER, Slip Op. at 13 (ECF Nos. 80, 94) (S.D. Fla. Aug. 22, 2022) (ordering unsealing of redacted affidavit).

In addition, any proposed redactions should be narrow, and the Government must explain to the Court why each redaction is necessary to mitigate harms to the integrity of the investigation. Further, only those redactions determined to meet a compelling need articulated by the Government after the Court conducts an *in camera* review can be justified. *See, e.g.*, *U.S. v. Vives*, 2006 U.S. Dist. LEXIS 92973, at *5 (S.D. Fla. Dec. 21, 2006).

At bottom, the complete closure of a court record based on generalities undermines the public's right to access court records and its ability to be informed, particularly when a journalist's home is searched by the FBI in relation to an investigation involving high-profile media entities, like Fox News.

### III. **Conclusion**

Based on the foregoing and its previous Motion (Doc. No. 1), The Times respectfully requests the unsealing of the probable cause affidavit at issue.

Dated: May 30, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　THOMAS & LOCICERO PL

　　　　　　　　　　　　　　　　　　　*/s/ Jon M. Philipson*
　　　　　　　　　　　　　　　　　　　Carol Jean LoCicero (FBN 603030)
　　　　　　　　　　　　　　　　　　　Jon M. Philipson (FBN 92960)
　　　　　　　　　　　　　　　　　　　601 South Boulevard

Tampa, FL 33606  
Telephone: (813) 984-3060  
Facsimile: (813) 984-3070  
clocicero@tlolawfirm.com  
jphilipson@tlolawfirm.com  
tgilley@tlolawfirm.com  

*Attorneys for Times Publishing Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a true and correct copy of the foregoing document is being electronically filed and will be furnished via CM/ECF to:

Jay Trezevant, Esq.  
U.S. Attorney's Office  
Middle District of Florida  
Tampa Division  
400 North Tampa Street  
Suite 3200  
Tampa, FL 33602  
jay.trezevant@usdoj.gov  

/s/ Jon M. Philipson  
Jon M. Philipson  

6