UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMES PUBLISHING COMPANY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Case No. 8:23-mc-0014-WFJ-SPF
8:23-mj-1541-SPF

## ORDER

On May 4, 2023, the undersigned found probable cause supported the United States' application for a warrant to search 5914 North Tampa Street, Tampa, Florida 33604, for evidence relating to violations of 18 U.S.C. § 1030 (intentional unauthorized access of a computer), and 18 U.S.C. § 2511 (intentional interception and disclosure of wire, oral, or electronic communication). *In the Matter of the Search of Premises Located at 5914 North Tampa Street*, No. 8:23-mj-1541-SPF. The Court approved the search warrant and, at the United States' request and in the interests of justice, sealed the warrant application, the warrant, the affidavit supporting the warrant, the United States' motion to seal these documents, and the Order sealing them. FBI agents executed the search warrant on May 8, 2023, an act that made national news.

Last week, the Times Publishing Company moved to intervene in the criminal proceeding and requested the Court unseal the application, warrant, affidavit, motion to seal, the Court's Order sealing the documents, and any search warrant returns (the

"Search Warrant Records") (*Times Publishing Company v. United States*, No. 8:23-mc-0014-WFJ-SPF, Doc. 1). The Court granted the media company's request to intervene and – with the United States' consent – unsealed redacted versions of the Search Warrant Records, except for the federal agent's affidavit supporting the search warrant (*Id.*, Doc. 18). The Court deferred ruling on the Times Publishing Company's motion to unseal the affidavit and ordered the Times Publishing Company to file a supplemental brief, which it has (*Id.*, Docs. 21-22).

Neither side disputes the media and the public's right of access to judicial proceedings and records. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-11 (11th Cir. 2001); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-98 (1978).[1] Likewise, the parties agree this right of access is not absolute: it yields to a compelling governmental interest, provided any restriction on information is narrowly tailored to serve that interest. *See In re Search of Office Suites*, 925 F. Supp. at 742, applying *Globe Newspaper Co. v. Superior court for the County of Norfolk*, 457 U.S. 596, 606-07 (1982). Considering this, to decide if the agent's affidavit should remain under seal, the Court must weigh the public's right of access to the contents of the affidavit against the United States' interest in keeping the information under seal.

---

[1] This right of access extends to search warrants and affidavits the government has executed and returned, subject to the balancing test articulated here. *See In re Search of Office Suites for World & Islam Studies Enter.*, 925 F. Supp. 738, 742 (M.D. Fla. 1996) (denying media's motion to unseal warrant and affidavit after applying balancing test but noting, "once search warrants are executed and returned, absent an order sealing the documents, both the search warrant and the affidavit are part of the public domain and subject to the common law right of access by the public.").

After examining the affidavit *in camera* and weighing the parties' arguments, the Court denies the Times Publishing Company's motion to unseal. On the one hand, multiple media outlets, including the Times Publishing Company, have reported on the FBI's search (*see* 8:23-cv-0014-WFJ-SPF, Doc. 22 at 1-2). The searched premises belongs to a member of the media. And the media has publicly speculated about the identity of some of the alleged victims of the crimes under investigation (*Id.*). These factors boost the public's interest in the affidavit's contents. But on the other hand, the agent's affidavit details the scope and direction of the Government's investigation, identifies the individual(s) being investigated, references the identities of victim(s), witness(es), and/or co-conspirator(s), and reveals the agent's investigative techniques. Compounding these factors is that the criminal proceeding is pre-indictment – disclosing the contents of the agent's affidavit likely would stymie both the nature of the Government's investigation and how law enforcement is conducting it. Weighing the public's right of access against these compelling governmental interests, the scale tips in the United States' favor. *See United States v. Valenti*, 987 F.2d 708, 714 (11th Cir.), *cert. denied*, 510 U.S. 907 (1993) (acknowledging prejudice to ongoing investigation as compelling reason for denying motion to unseal transcripts of closed proceedings).

Even so, the balancing test requires the Court to determine if there are less restrictive means to protect the investigation short of sealing the entire affidavit. The Times Publishing Company urges the Court "at a minimum" to unseal a redacted version of the affidavit (Doc. 22 at 1). The Court has scrutinized the affidavit with the public's right of access in mind and contemplated unsealing a redacted version as a less restrictive

way to guard the Government's interests. Redacting names will shield the individuals identified in the affidavit but likely would frustrate the investigation in other ways. Almost every paragraph of the affidavit, either explicitly or implicitly, reveals details of the investigation, including how and when the alleged incident(s) occurred, the private information intruded upon, the techniques the agent employed to investigate the intrusions, and/or who was carrying out the cyber intrusions and why. Put differently, each section of the affidavit builds on the one before it, and the sum of these parts equals the Government's probable cause. If disclosed – even in redacted form – there is the real and legitimate risk that the Government's ongoing investigation would be compromised by someone piecing together the timeline, scope, and direction of the investigation. Also at risk are the privacy and security of the potential subject(s) of the investigation as well as any cooperating witness(es), the victim(s), and the agent(s) involved. Even information in the affidavit that is already publicized is "inextricably intertwined with the Government's argument for probable cause" and cannot be unsealed. *In re Search of Office Suites*, 925 F. Supp. at 744. Sealing the entire affidavit is necessary to protect the integrity of the United States' investigation.

   After careful consideration, the undersigned finds that the most narrowly tailored method for safeguarding the Government's compelling interests is to deny the Times Publishing Company's motion to unseal the agent's affidavit. The seal shall remain in effect until the Government moves to unseal the document or one year from May 4, 2023, whichever occurs first.

The Court **ORDERS**:

(1) The Times Publishing Company's request for the Court to unseal the agent's probable cause affidavit is **DENIED**.

**ORDERED** in Tampa, Florida, on June 2, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE