# Attachment A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In the Matter of the Search of       Case No. 8:23-mj-1541SPF
Timothy Burke's Residence at
5914 N. Tampa Street
Tampa, FL 33604

**STIPULATION REGARDING**
**CERTAIN SEIZED ELECTRONIC EVIDENCE**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and Timothy Burke and his counsel, Michael P. Maddux and Mark Rasch (collectively, "Burke"), hereby agree and stipulate as follows:

**RECITALS**

1. On May 8, 2023, a court-authorized search warrant (the "warrant") was executed by Special Agents with the Federal Bureau of Investigation ("FBI") at the residence of Timothy Burke, 5914 N. Tampa Street, Tampa, FL, 33604.

2. Pursuant to the execution of that warrant, the FBI Special Agents seized certain electronic items (hereinafter, the "items") containing data and information (the "information"), which items are more particularly described in the *Evidence Collected Item Log* (dated May 8, 2023), attached hereto as Attachment A, and incorporated into this Stipulation.

3. The United States intends to use the items seized, and their contents, as evidence in the ongoing investigation and any resulting prosecution

including, possibly, introducing those items and/or their contents into evidence in a future legal proceeding.

4. The United States has agreed, to the extent possible,[1] to create and produce to Burke copies of folders and files contained in the items seized using reliable methods (hereinafter, the "copy(ies)"), withholding only the information believed by the United States to fall within its authority to seize under Attachment B (Particular Things to be Seized) to the warrant or authorized by further agreement with Burke or subsequent court order.

5. Burke has requested the return of the items seized, and in the interest of expediting the return of the seized items and/or their contents, has agreed to the following terms.

## STIPULATION

6. Other than accessing the items to create complete, exact, and accurate duplicates of the items for use by the United States during its investigation and any resulting prosecution in accordance with paragraph 3 above and/or to produce to Burke copies in accordance with paragraph 4 above, the FBI will maintain the original items in evidence, absent further agreement with Burke or subsequent court

---

[1] Should the United States be unable to access and forensically image an item, it will not be possible to produce to Burke copies contained in that item.

   order authorizing the removal and/or destruction of a particular item, or some part thereof.

7.  A duplicate of an item, and any copy that has been extracted from an item and produced by the United States to Burke pursuant to this Stipulation, "is admissible [into evidence] to the same extent as the original," within the meaning of Fed. R. Evid. 1003, and may be admitted into evidence in any legal proceedings where the item and/or any copy that has been extracted from an item would be admissible.

8.  Further, a duplicate of an item, and any copy that has been extracted from an item and produced by the United States to Burke pursuant to this Stipulation, satisfies the requirements of authentication and identification, and the parties to this Stipulation waive any and all objections, and will not object, to the admissibility of the items (and/or any parts thereof) on the grounds of foundation, authentication, and/or that the items (and/or any parts thereof) are duplicates of or are not the original items or images, and/or any other objection under Articles IX and X of the Federal Rules of Evidence.

9.  Other than the above agreements in this Stipulation concerning the applicability or inapplicability of certain identified Federal Rules of Evidence, the parties reserve and preserve all other objections to the admissibility into evidence in any legal proceedings of an item and/or any copy that has been extracted from an item on all other grounds.

10. Burke also retains the right to move to suppress any of the items and/or their contents pursuant to Fed. R. Crim. P. 41.

DATE:

Signatures:

_____
Jay G. Trezevant
Assistant U.S. Attorney

_____
Timothy Burke

_____
Michael P. Maddux
Attorney for Timothy Burke

_____
Mark Rasch
Attorney for Timothy Burke

| | |
|---|---|
| **From:** | ▉▉▉▉▉▉▉▉▉▉ on behalf of Trezevant, Jay (USAFLM) |
| **To:** | Michael Maddux ▉▉▉▉▉▉▉▉▉▉; Mark Rasch |
| **Cc:** | Trezevant, Jay (USAFLM) |
| **Subject:** | Burke return of property and disclosure of SW affidavit |
| **Date:** | Friday, July 21, 2023 11:24:52 AM |

Michael and Mark,

Good morning. This email is to follow-up on your below email and our phone call earlier today.

Having read over some of your earlier correspondence/messages and considering our related discussions, I want to ensure there is no confusion about what is being proposed by the stipulation, particularly the language in paragraph 4.

As you know, the warrant application submitted by the agent to the magistrate judge identified the basis for the search as including: (1) evidence of a crime; (2) contraband, fruits of crime, and other items illegally possessed ("fruits/contraband of crime"); and (3) property designed for use, intended for use, or used in committing a crime. That warrant application can be found in Case No. 8:23-mc-00014-WFJ-SPF, doc. 18-1 at 13-19. The language in paragraph 4 of the proposed stipulation specifies that the United States would produce to you copies of the folders and files contained in the items seized, "withholding only the information believed by the United States to fall within its authority to seize under Attachment B to the warrant or authorized by further agreement with Burke or subsequent court order." That language, read broadly, could suggest that the United States intends to withhold all information that falls within its authority to seize under Attachment B to the warrant. To clarify, that is not what is intended. Instead, the proposal is that the United States, in producing material to your team under paragraph 4, would provide copies of all folders and files contained in the items seized, withholding only the information believed by the United States to fall within its authority to seize that would constitute fruits/contraband of crime. In that regard, the language of paragraph 4 could be modified to clarify what would be considered by the United States to constitute fruits/contraband, and we are amenable to discussing that with you.

In addition, it is also worth noting that the United States is proposing a stipulation that would apply only to items seized that contain some information falling within its authority to seize under Attachment B. You have explained during our discussions that you believe some items seized fall completely outside the authority to seize under Attachment B. To that end, you have now provided a list to us of items that you believe might easily be determined to fall outside Attachment B. That list was provided to the FBI for use in triaging its review and production/return of material. So that there is no misunderstanding, please know that any item(s) seized that are determined to contain only information that falls outside Attachment B, will be returned and the United States will eliminate any image of the item(s) from its systems.

I previously forwarded your recent (and previous) correspondence to Rachelle Bedke and Carlton Gammons, the Chief and Deputy Chief of the Economic Crimes Section, and have provided them both with additional information and material. To the extent you are amenable, and to address the above and/or refine issues that might unnecessarily be raised in motion practice, Chief Bedke and I (and possibly Deputy Chief Gammons) are available to meet with you in person or via WebEx, as

preferred, to discuss the above and any other directly related issues, such as your concerns about our process to protect potentially privileged information (about which you have now provided some additional detail that is helpful). The best available times to meet are Tuesday after 1 pm and Wednesday any time other than 2-3 pm.

Thank you,

Jay G. Trezevant
Assistant U.S. Attorney
Middle District of Florida
400 N. Tampa Street
Suite 3200
Tampa, FL 33602
Phone:

---

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **On Behalf Of** Trezevant, Jay (USAFLM)
**Sent:** Wednesday, July 19, 2023 5:46 PM
**To:** Michael Maddux ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Trezevant, Jay (USAFLM) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Cc:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Mark Rasch ▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: Burke return of property and disclosure of SW affidavit

Michael,

Thank you. I believe that the meeting at the FBI on Friday should work. I will confirm tomorrow morning one way or the other and let you know.

Have a good evening.

Thank you,

Jay G. Trezevant
Assistant U.S. Attorney
Middle District of Florida
400 N. Tampa Street
Suite 3200
Tampa, FL 33602
Phone:

---

**From:** Michael Maddux ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Wednesday, July 19, 2023 3:08 PM
**To:** Trezevant, Jay (USAFLM) ▓▓▓▓▓▓▓▓▓▓▓▓▓
**Cc:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mark Rasch ▓▓▓▓▓▓▓▓▓▓
**Subject:** [EXTERNAL] Re: Burke return of property and disclosure of SW affidavit