Attachment C

# 28 CFR § 50.10 - Policy regarding obtaining information from or records of members of the news media; and regarding questioning, arresting, or charging members of the news media.

**§ 50.10 Policy regarding obtaining information from or records of members of the news media; and regarding questioning, arresting, or charging members of the news media.**

**(a)** *Statement of principles.*

**(1)** A free and independent press is vital to the functioning of our democracy. Because freedom of the press can be no broader than the freedom of members of the news media to investigate and report the news, the Department's policy is intended to provide protection to members of the news media from certain law enforcement tools and actions, whether criminal or civil, that might unreasonably impair newsgathering. The policy is not intended to shield from accountability members of the news media who are subjects or targets of a criminal investigation for conduct outside the scope of newsgathering.

**(2)** The Department recognizes the important national interest in protecting journalists from compelled disclosure of information revealing their sources, sources they need to apprise the American people of the workings of their Government. For this reason, with the exception of certain circumstances set out in this section, the Department of Justice will not use compulsory legal process for the purpose of obtaining information from or records of members of the news media acting within the scope of newsgathering.

**(3)** In determining whether to seek, when permitted by this policy, information from or records of members of the news media, the Department must consider several vital interests: protecting national security, ensuring public safety, promoting effective law enforcement and the fair administration of justice, and safeguarding the essential role of a free press in fostering Government accountability and an open society, including by protecting members of the news media from compelled disclosure of information revealing their sources. These interests have long informed the Department's view that the use of compulsory legal process to seek information from or records of non-consenting members of the news media constitutes an extraordinary measure, not a standard investigatory practice.

**(b)** *Scope and definitions* -

**(1)** *Covered persons and entities.* The policy in this section governs the use of certain law enforcement tools and actions, whether criminal or civil, to obtain information from or records of members of the news media.

**(2)** *Definitions.*

**(i)** *Compulsory legal process* consists of subpoenas, search warrants, court orders issued pursuant to 18 U.S.C. 2703(d) and 3123, interception orders issued pursuant to 18 U.S.C. 2518, civil investigative demands, and mutual legal assistance treaty requests - regardless of whether issued to members of the news media directly, to their publishers or employers, or to others, including third-party service providers of any of the forgoing, for the purpose of obtaining information from or records of members of the news media, and regardless of whether the compulsory legal process seeks testimony, physical or electronic documents, telephone toll or other communications records, metadata, or digital content.

**(ii)** *Newsgathering* is the process by which a member of the news media collects, pursues, or obtains information or records for purposes of producing content intended for public dissemination.

**(A)** Newsgathering includes the mere receipt, possession, or publication by a member of the news media of Government information, including classified information, as well as establishing a

means of receiving such information, including from an anonymous or confidential source.

**(B)** Except as provided in paragraph (b)(2)(ii)(A) of this section, newsgathering does not include criminal acts committed in the course of obtaining information or using information, such as: breaking and entering; theft; unlawfully accessing a computer or computer system; unlawful surveillance or wiretapping; bribery; extortion; fraud; insider trading; or aiding or abetting or conspiring to engage in such criminal activities, with the requisite criminal intent.

**(3)** *Exclusions.*

**(i)** The protections of the policy in this section do not extend to any person or entity where there is a reasonable ground to believe the person or entity is:

**(A)** A foreign power or agent of a foreign power, as those terms are defined in section 101 of the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. 1801);

**(B)** A member or affiliate of a foreign terrorist organization designated under section 219(a) of the Immigration and Nationality Act (8 U.S.C. 1189(a));

**(C)** Designated as a Specially Designated Global Terrorist by the Department of the Treasury under Executive Order 13224 of September 23, 2001, 3 CFR, 2001 Comp., p. 786;

**(D)** A specially designated terrorist as that term is defined in 31 CFR 595.311;

**(E)** A terrorist organization as that term is defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(vi));

**(F)** Committing or attempting to commit a crime of terrorism, as that offense is described in 18 U.S.C. 2331(5) or 2332b(g)(5);

**(G)** Committing or attempting to commit the crimes of providing material support or resources to terrorists or designated foreign terrorist organizations, providing or collecting funds to finance acts of

terrorism, or receiving military-type training from a foreign terrorist organization, as those offenses are defined in 18 U.S.C. 2339A, 2339B, 2339C, and 2339D; or

**(H)** Aiding, abetting, or conspiring in illegal activity with a person or organization described in paragraphs (b)(3)(i)(A) through (G) of this section.

**(ii)** The determination that an exclusion in paragraph (b)(3)(i) of this section applies must be made by the Assistant Attorney General for National Security.

**(c)** *Compulsory legal process for the purpose of obtaining information from or records of a member of the news media acting within the scope of newsgathering.* Compulsory legal process for the purpose of obtaining information from or records of a member of the news media acting within the scope of newsgathering is prohibited except under the circumstances set forth in paragraphs (c)(1) through (3) of this section. (Note that the prohibition in this paragraph (c) on using compulsory legal process applies when a member of the news media has, in the course of newsgathering, only received, possessed, or published government information, including classified information, or has established a means of receiving such information, including from an anonymous or confidential source.) The Department may only use compulsory legal process for the purpose of obtaining information from or records of a member of the news media acting within the scope of newsgathering, as follows:

**(1)** To authenticate for evidentiary purposes information or records that have already been published, in which case the authorization of a Deputy Assistant Attorney General for the Criminal Division is required;

**(2)** To obtain information or records after a member of the news media agrees to provide or consents to the provision of the requested records or information in response to the proposed compulsory legal process, in which case authorization as described in paragraph (i) of this section is required; or

**(3)** When necessary to prevent an imminent or concrete risk of death or serious bodily harm, including terrorist acts, kidnappings, specified offenses against a minor (as defined in 34 U.S.C. 20911(7)), or

incapacitation or destruction of critical infrastructure (as defined in 42 U.S.C. 5195c(e)), in which case the authorization of the Attorney General is required.

**(d)** *Compulsory legal process for the purpose of obtaining information from or records of a member of the news media not acting within the scope of newsgathering.*

**(1)** The Department may only use compulsory legal process for the purpose of obtaining information from or records of a member of the news media who is not acting within the scope of newsgathering:

**(i)** When the member of the news media is the subject or target of an investigation and suspected of having committed an offense;

**(ii)** To obtain information or records of a non-member of the news media, when the non-member is the subject or target of an investigation and the information or records are in a physical space, device, or account shared with a member of the news media;

**(iii)** To obtain purely commercial, financial, administrative, technical, or other information or records unrelated to newsgathering; or for information or records relating to personnel not involved in newsgathering;

**(iv)** To obtain information or records related to public comments, messages, or postings by readers, viewers, customers, or subscribers, over which a member of the news media does not exercise editorial control prior to publication;

**(v)** To obtain information or records of a member of the news media who may be a victim of or witness to crimes or other events, or whose premises may be the scene of a crime, when such status (as a victim or witness or crime scene) is not based on or within the scope of newsgathering; or

**(vi)** To obtain only subscriber and other information described in 18 U.S.C. 2703(c)(2)(A), (B), (D), (E), and (F).

**(2)** Compulsory legal process under paragraph (d)(1) of this section requires the authorization of a Deputy Assistant Attorney General for the Criminal Division, except that:

**(i)** To obtain information or records after a member of the news media agrees to provide or consents to the provision of the requested records or information in response to the proposed compulsory legal process, such compulsory legal process requires authorization as described in paragraph (i) of this section governing voluntary questioning and compulsory legal process following consent by a member of the news media; and

**(ii)** To seek a search warrant for the premises of a news media entity requires authorization by the Attorney General.

**(e)** *Matters where there is a close or novel question as to the person's or entity's status as a member of the news media or whether the member of the news media is acting within the scope of newsgathering.*

**(1)** When there is a close or novel question as to the person's or entity's status as a member of the news media, the determination of such status must be approved by the Assistant Attorney General for the Criminal Division.

**(2)** When there is a close or novel question as to whether the member of the news media is acting within the scope of newsgathering, the determination of such status must be approved by the Assistant Attorney General for the Criminal Division. When the Assistant Attorney General finds that there is genuine uncertainty as to whether the member of the news media is acting within the scope of newsgathering, the determination of such status must be approved by the Attorney General.

**(f)** *Compelled testimony.*

**(1)** Except as provided in paragraph (f)(2) of this section, members of the Department must obtain the authorization of the Deputy Attorney General when seeking to compel grand jury or trial testimony otherwise permitted by this section from any member of the news media.

**(2)** When the compelled testimony under paragraph (f)(1) of this section has no nexus to the person's or entity's activities as a member of the news media, members of the Department must obtain the authorization of a Deputy Assistant Attorney General for the Criminal Division and provide prior notice to the Deputy Attorney General.

**(3)** Such authorization may only be granted when all other requirements of this policy regarding compulsory legal process have been satisfied.

**(g)** *Exhaustion.*

**(1)** Except as provided in paragraph (g)(2) of this section, the official authorizing the compulsory legal process must find the following exhaustion conditions are met:

**(i)** The Government has exhausted all reasonable avenues to obtain the information from alternative, non-news-media sources.

**(ii)** The Government has pursued negotiations with the member of the news media in an attempt to secure the member of the news media's consent to the production of the information or records to be sought through compulsory legal process, unless the authorizing official determines that, for compelling reasons, such negotiations would pose a clear and substantial threat to the integrity of the investigation or pose the risks described in paragraph (c)(3) of this section. Where the nature of the investigation permits, the Government must have explained to the member of the news media the Government's need for the information sought in a particular investigation or prosecution, as well as its willingness or ability to address the concerns of the member of the news media.

**(iii)** The proposed compulsory legal process is narrowly drawn. It must be directed at material and relevant information regarding a limited subject matter, avoid interference with unrelated newsgathering, cover a reasonably limited period of time, avoid requiring production of a large volume of material, and give reasonable and timely notice of the demand as required by paragraph (j) of this section.

**(2)** When the process is sought pursuant to paragraph (d)(1), (i), or (l) of this section, the authorizing official is not required to find that the exhaustion conditions in paragraphs (g)(1)(i) and (ii) of this section have been satisfied, but should consider requiring those conditions as appropriate.

**(h)** *Standards for authorizing compulsory legal process.*

(1) In all matters covered by this section, the official authorizing the compulsory legal process must take into account the principles set forth in paragraph (a) of this section.

(2) Except as provided in paragraph (h)(3) of this section, when the member of the news media is not the subject or target of an investigation and suspected of having committed an offense, the official authorizing the compulsory legal process must take into account the following considerations:

(i) In criminal matters, there must be reasonable grounds to believe, based on public information or information from non-news-media sources, that a crime has occurred, and that the information sought is essential to a successful investigation or prosecution. The compulsory legal process may not be used to obtain peripheral, nonessential, or speculative information.

(ii) In civil matters, there must be reasonable grounds to believe, based on public information or information from non-news-media sources, that the information sought is essential to the successful completion of the investigation or litigation in a case of substantial importance. The compulsory legal process may not be used to obtain peripheral, nonessential, cumulative, or speculative information.

(3) When paragraph (h)(2) of this section would otherwise apply, but the compulsory legal process is sought pursuant to paragraph (i) or (l) of this section, the authorizing official is not required to, but should, take into account whether the information sought is essential to a successful investigation, prosecution, or litigation as described in paragraphs (h)(2)(i) and (ii) of this section.

(4) When the member of the news media is the subject or target of an investigation and suspected of having committed an offense, before authorizing compulsory legal process, the authorizing official is not required to, but should, take into account the considerations set forth in paragraphs (h)(2)(i) and (ii) of this section as appropriate.

(i) *Voluntary questioning and compulsory legal process following consent by a member of the news media.*

(1) When the member of the news media is not the subject or target of an investigation and suspected of having committed an offense, authorization

by a United States Attorney or Assistant Attorney General responsible for the matter must be obtained in order to question a member of the news media on a voluntary basis, or to use compulsory legal process if the member of the news media agrees to provide or consents to the provision of the requested records or information in response to the proposed process. When there is any nexus to the person's activities as a member of the news media, such authorization must be preceded by consultation with the Criminal Division.

**(2)** When the member of the news media is the subject or target of an investigation and suspected of having committed an offense, authorization by a Deputy Assistant Attorney General for the Criminal Division must be obtained in order to question a member of the news media on a voluntary basis, or to use compulsory legal process if the member of the news media agrees to provide or consents to the provision of the requested records or information in response to the proposed process.

**(j)** *Notice of compulsory legal process to the affected member of the news media.*

**(1)** Members of the Department must provide notice to the affected member of the news media prior to the execution of authorized compulsory legal process under paragraph (c) of this section unless the authorizing official determines that, for compelling reasons, such notice would pose the risks described in paragraph (c)(3) of this section.

**(2)** Members of the Department must provide notice prior to the execution of compulsory legal process authorized under paragraphs (d)(1)(ii) through (vi) of this section to a member of the news media that is not the subject or target of an investigation and suspected of having committed an offense, unless the authorizing official determines that, for compelling reasons, such notice would pose a clear and substantial threat to the integrity of the investigation or would pose the risks described in paragraph (c)(3) of this section and so informs the Deputy Attorney General in advance.

**(3)** If the member of the news media has not been given notice under paragraph (j)(1) or (2) of this section, the United States Attorney or Assistant Attorney General responsible for the matter must provide notice to the member of the news media as soon as it is determined that such

notice would no longer pose the concerns described in paragraph (j)(1) or (2) of this section, as applicable.

**(4)** In any event, such notice must be given to the affected member of the news media within 45 days of the Government's receipt of a complete return made pursuant to all forms of compulsory legal process included in the same authorizing official's authorization under paragraph (c) or (d)(1)(ii) through (vi) of this section, except that the authorizing official may authorize delay of notice for one additional 45-day period if the official determines that, for compelling reasons, such notice continues to pose the same concerns described in paragraph (j)(1) or (2) of this section, as applicable.

**(5)** Members of the Department are not required to provide notice to the affected member of the news media of compulsory legal process that was authorized under paragraph (d)(1)(i) of this section if the affected member of the news media is the subject or target of an investigation and suspected of having committed an offense.

>   **(i)** The authorizing official may nevertheless direct that notice be provided to the affected member of the news media.
>
>   **(ii)** If the authorizing official does not direct that such notice be provided, the official must so inform the Deputy Attorney General, and members of the Department who are responsible for the matter must provide the authorizing official with an update every 90 days regarding the status of the investigation. That update must include an assessment of any harm to the investigation that would be caused by providing notice to the member of the news media. The authorizing official will consider such update in determining whether to direct that notice be provided.

**(6)** Notice under the policy in this section may be given to the affected member of the news media or a current employer of that member if that employer is also a member of the news media.

**(7)** A copy of any notice to be provided to a member of the news media shall be provided to the Director of the Office of Public Affairs and to the Director of the Criminal Division's Office of Enforcement Operations at least 10 business days before such notice is provided, and immediately after such notice is provided to the member of the news media.

**(k)** *Non-disclosure orders.*

**(1)** In seeking authorization to use compulsory legal process to obtain information from or the records of a member of the news media, members of the Department must indicate whether they intend to seek an order directing the recipient of the compulsory legal process not to disclose the existence of the compulsory legal process to any other person or entity and shall articulate the need for such non-disclosure order.

**(2)** An application for a non-disclosure order sought in connection with compulsory legal process under paragraph (c) of this section may only be authorized if the authorizing official determines that, for compelling reasons, disclosure would pose the risks described in paragraph (c)(3) of this section and the application otherwise complies with applicable statutory standards and Department policies.

**(3)** An application for a non-disclosure order sought in connection with compulsory legal process under paragraphs (d)(1)(ii) through (vi) of this section regarding a member of the news media that is not the subject or target of an investigation and suspected of having committed an offense may only be authorized if the authorizing official determines that, for compelling reasons, disclosure would pose a clear and substantial threat to the integrity of the investigation or would pose the risks described in paragraph (c)(3) of this section and the application otherwise complies with applicable statutory standards and Department policies.

**(4)** An application for a non-disclosure order sought in connection with compulsory legal process under paragraph (d)(1)(i) of this section regarding a member of the news media that is a subject or target of an investigation and suspected of having committed an offense may be authorized if the application otherwise complies with applicable statutory standards and Department policies.

**(5)** Members of the Department must move to vacate any non-disclosure order when notice of compulsory legal process to the affected member of media is required (after any extensions permitted) by paragraph (j) of this section.

**(l)** *Exigent circumstances involving risk of death or serious bodily harm.*

**(1)** A Deputy Assistant Attorney General for the Criminal Division may authorize the use of compulsory legal process that would otherwise require authorization from the Attorney General or the Deputy Attorney General if the Deputy Assistant Attorney General for the Criminal Division determines that:

**(i)** The exigent use of such compulsory legal process is necessary to prevent the risks described in paragraph (c)(3) of this section; and

**(ii)** Those exigent circumstances require the use of such compulsory legal process before the authorization of the Attorney General or the Deputy Attorney General can, with due diligence, be obtained.

**(2)** In authorizing the exigent use of compulsory legal process, a Deputy Assistant Attorney General for the Criminal Division should take into account the principles set forth in paragraph (a) of this section; ensure that the proposed process is narrowly tailored to retrieve information or records required to prevent or mitigate the associated imminent risk; and require members of the Department to comply with the safeguarding protocols described in paragraph (p) of this section.

**(3)** As soon as possible after the approval by a Deputy Assistant Attorney General for the Criminal Division of a request under paragraph (l)(1) of this section, the Deputy Assistant Attorney General must provide notice to the designated authorizing official, the Deputy Attorney General, and the Director of the Office of Public Affairs. Within 10 business days of the authorization under paragraph (l)(1) of this section, the United States Attorney or Assistant Attorney General responsible for the matter shall provide a statement to the designated authorizing official containing the information that would have been provided in a request for prior authorization.

**(m)** *Arresting or charging a member of the news media.*

**(1)** Except as provided in paragraph (m)(2) of this section or in circumstances in which prior authorization is not possible, members of the Department must obtain the authorization of the Deputy Attorney General to seek a warrant for an arrest, conduct an arrest, present information to a grand jury seeking a bill of indictment, or file an information against a member of the news media.

**(2)** Except in circumstances in which prior authorization is not possible, when the arrest or charging of a member of the news media under [paragraph (m)(1)](#) of this section has no nexus to the person's or entity's activities as a member of the news media, members of the Department must obtain the authorization of a Deputy Assistant Attorney General for the Criminal Division and provide prior notice to the Deputy Attorney General.

**(3)** When prior authorization was not possible, the member of the Department must ensure that the designated authorizing official is notified as soon as possible.

**(n)** *Applications for authorizations under this section.*

**(1)** Whenever any authorization is required under this section, the application must be personally approved in writing by the United States Attorney or Assistant Attorney General responsible for the matter.

**(2)** Whenever the authorizing official under this section is the Attorney General or the Deputy Attorney General, the application must also be personally approved in a memorandum by the Assistant Attorney General for the Criminal Division.

**(3)** The member of the Department requesting authorization must provide all facts and applicable legal authority necessary for the authorizing official to make the necessary determinations, as well as copies of the proposed compulsory legal process and any other related filings.

**(4)** Whenever an application for any authorization is made to the Attorney General or the Deputy Attorney General under this section, the application must also be provided to the Director of the Office of Public Affairs for consultation.

**(o)** *Filter protocols.*

**(1)** In conjunction with the use of compulsory legal process, the use of filter protocols, including but not limited to keyword searches and filter teams, may be necessary to minimize the potential intrusion into newsgathering-related materials that are unrelated to the conduct under investigation.

**(2)** While the use of filter protocols should be considered in all matters involving a member of the news media, the use of such protocols must be

balanced against the need for prosecutorial flexibility and the recognition that investigations evolve, and should be tailored to the facts of each investigation.

**(3)** Unless compulsory legal process is sought pursuant to paragraph (i) or (l) of this section, members of the Department must use filter protocols when the compulsory legal process relates to a member of the news media acting within the scope of newsgathering or the compulsory legal process could potentially encompass newsgathering-related materials that are unrelated to the conduct under investigation. The Attorney General or the Deputy Attorney General may waive the use of filter protocols only upon an express finding that there is a *de minimis* risk that newsgathering-related materials that are unrelated to the conduct under investigation would be obtained pursuant to the compulsory legal process and that any filter protocol would pose a substantial and unwarranted investigative burden.

**(4)** Members of the Department should consult the Justice Manual for guidance regarding the use of filter protocols to protect newsgathering-related materials that are unrelated to the conduct under investigation.

**(p)** *Safeguarding.* Any information or records that might include newsgathering-related materials obtained from a member of the news media or from third parties pursuant to the policy in this section must be closely held so as to prevent disclosure of the information to unauthorized persons or for improper purposes. Members of the Department must consult the Justice Manual for specific guidance regarding the safeguarding of information or records obtained from a member of the news media or from third parties pursuant to this section and regarding the destruction and return of information or records as permitted by law.

**(q)** *Privacy Protection Act.* All authorizations pursuant to this section must comply with the provisions of the Privacy Protection Act (PPA), 42 U.S.C. 2000aa(a) *et seq.* Members of the Department must consult the Justice Manual for specific guidance on complying with the PPA. Among other things, members of the Department are not authorized to apply for a warrant to obtain work product materials or other documentary materials of a member of the news media under the PPA suspect exception, see 42 U.S.C.

2000aa(a)(1) and (b)(1), if the sole purpose is to further the investigation of a person other than the member of the news media.

**(r) *Anti-circumvention.*** Members of the Department shall not direct any third party to take any action that would violate a provision of this section if taken by a member of the Department.

**(s) *Failure to comply.*** Failure to obtain the prior authorization required by this section may constitute grounds for an administrative reprimand or other appropriate disciplinary action.

**(t) *General provision.*** This section is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

[AG Order No. 5524-2022, 87 FR 66240, Nov. 3, 2022]