[ DO NOT PUBLISH ]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

AUG 10 1994

MIGUEL J. CORTEZ
CLERK

No. 94-2182

D. C. Docket No. 94-46-CIV-T-24A

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

versus

ACCOUNT SERVICES INC., a Florida
corporation, Registered Agent
George Feldkamp; CAN OF PINELLAS
INC., a Florida corporation,
Registered Agent Anthony Amico;
GEORGE FELDKAMP; CHARLES R. DARST;
GEORGE N. PAPPAS; ANTHONY AMICO,

                        Defendants-Appellants,

B & D ENTERPRISES OF HERNANDO,
etc., ET AL.,

                        Defendants.

Appeal from the United States District Court
for the Middle District of Florida

(August 10, 1994)

Before BLACK and BARKETT, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

    Defendants-Appellants (hereinafter "defendants") appeal the district court's issuance of a preliminary injunction, arguing, inter alia, that the failure to hold an evidentiary hearing prior to issuing the injunction constituted an abuse of discretion.

On January 11, 1994, plaintiff-appellee (hereinafter "the government") filed a complaint for an injunction and a motion for an ex parte temporary restraining order, preliminary injunction, and expedited discovery, asserting that defendants were engaged in a fraudulent scheme violative of the federal mail, wire and bank fraud statutes. 18 U.S.C. § 1345 (1994). In support of its allegations, the government submitted one affidavit, in which the affiant, a United States Postal Inspector, relied in part on the assertions of a former employee of defendant Account Services, and on the statements of several of defendants' dissatisfied customers.[1] On January 13, 1994, the government seized defendants' business records[2] from their premises pursuant to a search warrant, and simultaneously served defendants with the complaint and ex parte temporary restraining order.

Defendants moved to compel the return of their records prior to the preliminary hearing and the district court referred the motion to the magistrate for a report and recommendation. However, on January 28, 1994, before the magistrate filed his

---

[1] Affiant relied on statements customers made to him directly, as well as on confidential-source statements that an FBI agent relayed to him, and on defendant-employee statements overheard by a postal carrier for one of the defendants and conveyed to affiant through the manager of the Hudson Branch Post Office. (Affidavit of William L. Lewers, U.S. Postal Inspector, at 14-16, 31-33, 38, and 43.)

[2] Among the materials seized were "verification tapes" which are recordings of the follow-up conversations between customers and salaried employees ("verifiers") confirming the customers' understanding of defendants' program. (The customers initially spoke with commissioned sales people who explained the benefits and requirements of the program.) Defendants maintain and refer to these verification tapes in the event of customer inquiries.

recommendation, the district court denied defendants' request to continue the preliminary injunction hearing and to hold an evidentiary hearing, and entered the preliminary injunction. On February 9, 1994, the magistrate found that the government had acted and continued to act in callous disregard of defendants' constitutional rights by failing to expeditiously allow defendants access to their property, particularly in light of the fact that the government did not dispute that defendants had a need for the property seized, and the government had been in possession of the property for nearly a month. In recommending that the district court grant defendants' motion, the magistrate noted that there was "no excuse for [the government's] failure to expeditiously allow [defendants] to copy all of the documents, records, and computer software that has been seized." (R. at 101-05-06.)

Defendants argue that the government's seizure and possession of their records prevented them from meaningfully defending themselves against the government's charges, and that the district court should have held an evidentiary hearing. We hold that in a case such as this, where the parties presented conflicting affidavits, the government's affidavit was based in part on the hearsay statements of defendants' customers for whom verification tapes might have existed, and the government had defendants' records in its possession, the district court should have permitted defendants access to those records before considering the request for an evidentiary hearing.

Although there is no automatic right to an evidentiary hearing on a motion for a preliminary injunction, under all of the circumstances presented here, the failure to permit the defendants access to their records before considering the request for an evidentiary hearing was an abuse of discretion. Accordingly, we vacate the preliminary injunction and remand this action for further proceedings, and we direct the district court to order the government to immediately return defendants' records and materials to enable them to prepare for any further action.

VACATED and REMANDED.