UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

94 FEB -9 PH 2: 51

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                         CASE NO. 94-46-CIV-T-24A

ACCOUNTS SERVICES, INC., et al.,

Defendants.
_____

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on **Defendants' Emergency
Motion to Compel Return of Seized Property or, in the
Alternative, for Production of Copies** (doc. 34).[1]  The Court
has considered the motions and memoranda filed by the parties
and has heard oral argument on the motion.  For the reasons
set forth below, the Court recommends that the motion be
Granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 1994, Plaintiff brought this civil action
pursuant to 18 U.S.C. § 1345, seeking an ex parte temporary
restraining order and injunctive relief against Defendants,
alleging violations of 18 U.S.C. §§ 1341, 1343, and 1344.
Specifically, Plaintiff alleged that Defendants, which are
Florida corporations and their principals, engaged in illegal
telemarketing schemes involving the United States mails,

_____

[1]This matter was specifically referred to the Undersigned
by Order of the Honorable Susan C. Bucklew, United States
District Judge.

AO 72A
(Rev. 8/82)

interstate wire communications, and federally-insured financial institutions.

On January 12, 1994, the Honorable Judge Bucklew entered an ex parte temporary restraining order against Defendants, finding probable cause to believe that Defendants would continue to engage in the alleged illegal activity unless so restrained. The Order indicated that Judge Bucklew based her finding on Plaintiff's legal memorandum and the affidavit of Postal Inspector William L. Lewers.

One and one half hours prior to Judge Bucklew's ruling, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, signed a search warrant authorizing Plaintiff to search

> sales presentation sheets, correspondence mailing records, order sheets, company lists and directories, customer files, financial and business records, employee records, customer response materials, computer hardware, software and related manuals, complaints/customer service records, audio recordings/verification tapes, fax machines and messages, telephone messages, notes and memoranda

on the property of Defendant Account Services, Inc. (ASI). The warrant was not issued as part of this civil action, but in Case Number 94-011 MJ, In the Matter of the Search of Accounts Services, Inc., a predicate to a potential, related criminal action against ASI.

Pursuant to the search warrant, Plaintiff seized considerable amounts of property from ASI and Data Group, Inc., a corporation that shares office space with ASI but is not involved in this action. ASI repeatedly requested that Plaintiff return the seized property, claiming, inter alia,

2

AO 72A
(Rev. 8/82)

that ASI would be unable to prepare for the preliminary injunction hearing without it.   Plaintiff refused, and ASI filed this emergency motion on January 20, 1994, one day before the preliminary injunction hearing.   At the hearing, Judge Bucklew granted Plaintiff's motion for preliminary injunction and informed the parties that ASI's motion would be referred to the Undersigned for a Report and Recommendation.

## II.   DISCUSSION

ASI asks that the Court order Plaintiff to return the seized property or, alternatively, to produce copies of seized documents, records, and computer software.   ASI argues that this Court has authority to hear this motion pursuant to its equitable, ancillary, and inherent jurisdiction, and that equity dictates that Plaintiff be required to return the seized property to ASI and Data Group, Inc.

ASI contends that the search violated the Fourth, Fifth, Sixth, and Fourteenth Amendments because of deficiencies in the warrant.   Plaintiff argues that ASI's motion is irrelevant to the civil action now before the Court.   Although acknowledging that it is a decision left to the Court's discretion, Plaintiff suggests that the Court should refrain from hearing this motion because it is based on the validity of a search warrant issued in a separate, criminal proceeding that has not even reached the indictment or charging stage.

The parties agree that the Court must consider the

3

AO 72A
(Rev. 8/82)

following factors in deciding whether to exercise its equitable, or "anomalous," jurisdiction: 1) whether the Government agents' seizure displayed a "callous disregard for the constitutional rights" of the party seeking return; 2) whether the moving party has an individual interest in, and need for, the property sought to be returned; 3) whether the moving party would suffer irreparable injury if the property were not returned; and 4) whether the moving party has an adequate remedy at law for the redress of his grievances. Richey v. Smith, 515 F.2d 1239, 1243 (5th Cir. 1975), citing Hunsucker v. Phinney, 497 F.2d 29, 34 (5th Cir. 1974), cert. denied, 420 U.S. 927 (1975).

## A. Callous Disregard

ASI contends that Plaintiff's seizure of the property constituted a callous disregard for the constitutional rights of ASI and Data Group because the seizure was based on a deficient search warrant. Specifically, ASI contends that the warrant was overbroad and lacked a sufficient probable cause foundation. Judge Jenkins based her probable cause finding, at least in part, on an affidavit by Postal Inspector Lewers. This affidavit has been sealed by Court Order and is unavailable for ASI to review or challenge. At the hearing conducted by the Undersigned on February 8, 1994, ASI stated its belief that the sealed affidavit upon which Judge Jenkins relied did not significantly differ from the affidavit upon which Judge Bucklew relied when she granted the temporary

4

restraining order. Plaintiff did not dispute this belief, nor did Plaintiff convincingly argue that the affidavit should remain sealed.

This Court is reluctant to order the affidavit unsealed and conduct an evidentiary hearing as to whether there existed sufficient probable cause to issue the warrant. The Court hesitates to second-guess the probable cause determination made by the Honorable Judge Jenkins and, because ASI has repeatedly stressed that time is of the essence, the Court finds that a full-blown evidentiary hearing would only serve to further postpone resolution of this matter. Furthermore, the Court finds such an approach unnecessary; regardless of whether Plaintiff acted in callous disregard of the constitutional rights of ASI and Data Group pursuant to the warrant, the evidence indicates that Plaintiff has acted, and is continuing to act, in callous disregard of those rights by its failure to expeditiously allow ASI and Data Group access to their property.

Plaintiff's most egregious act is its failure to return to ASI and Data Group hardware that had been seized pursuant to the warrant. At the February 8 hearing, Plaintiff did not convincingly explain why it had not returned hardware such as fax machines and computers from which all evidentiary material has already been downloaded. The Court rejects Plaintiff's argument that it is considering forfeiture proceedings against ASI. Some of the hardware seized belongs to Data Group, not

5

ASI, so even if forfeiture proceedings were initiated against ASI, there is no justification for retaining Data Group's hardware.  Furthermore, Plaintiff did not suggest that return of the hardware to ASI would jeopardize a future forfeiture action.  ASI indicated its willingness to be bound by a Court Order prohibiting ASI from alienating any of the property, and Plaintiff did not contend that ASI could not be trusted to comply with such a Court Order.  Therefore, the Court finds no excuse for Plaintiff's failure to expeditiously allow ASI and Data Group to copy all of the documents, records, and computer software that has been seized[2] and for its failure to return seized hardware that has no evidentiary value to Plaintiff but of which ASI and Data Group clearly have need.

### B.  ASI and Data Group's Interest In
### and Need For, the Property

Plaintiff does not dispute that ASI and Data Group have an interest in, and need for, the property seized.  Instead, Plaintiff contends that neither ASI and Data Group will be irreparably injured by Plaintiff's continued posture regarding the property.

### C.  Irreparable Injury

Plaintiff contends that because it has agreed to cooperate with Defendants to "facilitate the inspection and

---

[2]ASI's preference is that the documents, records, and software be returned, rather than simply copied.  However, because the Court has not determined that the warrant was invalid, a return of these materials would be improper.

6

copying of relevant and important documents," ASI will not suffer irreparable injury.[3] However, the Court is unconvinced that Plaintiff is moving expeditiously enough to prevent irreparable injury to ASI and Data Group. From the testimony given at the February 8 hearing, it is apparent that ASI and Data Group are virtually shut down without the materials and hardware seized by Plaintiff, and Plaintiff did not contest ASI's representation that the office has been all but stripped bare. Plaintiff has been in possession of the property for nearly one month. The Court has no reason to question ASI's contention that its inability to access the property for so long has cost ASI and Data Group business opportunities and the good will of their employees and clients, potentially forcing them out of business.

### D.    Adequate Remedy at Law

Because of the imminent threat to ASI and Data Group's business and the lack of any pending indictments or criminal or civil forfeiture proceedings, ASI contends that it has no other forum in which to seek adequate redress. Although suggesting that this is the improper forum for this motion, Plaintiff does not recommend a viable alternative. Accordingly, the Court finds that ASI and Data Group have no adequate remedy at law if this Court does not grant the

---

[3]The Court presumes that when Plaintiff says "relevant and important," Plaintiff means that it will make available for copying those materials which Defendants determine are relevant and important.

7

equitable relief sought.

### III.  CONCLUSION

Because the Court finds that Plaintiff's actions displayed a "callous disregard for the constitutional rights" of ASI and Data Group; that ASI and Data Group have an interest in, and need for, the property sought to be returned; that ASI and Data Group would suffer irreparable injury if the property were not returned; and that ASI and Data Group have no adequate remedy at law for the redress of their grievances, I recommend that **Defendants' Emergency Motion to Compel Return of Seized Property or, in the Alternative, for Production of Copies** (doc. 34) be Granted.

So recommended this 9th day of February, 1994.

_____
CHARLES R. WILSON
UNITED STATES MAGISTRATE JUDGE

8

## NOTICE TO PARTIES

Pursuant to stipulation by the parties, failure to file and serve written objections to the proposed findings and recommendations contained in this report within <u>three</u> (3) days from the date it is served on the parties shall bar an aggrieved party from a <u>de novo</u> determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982) (en banc).


Copies furnished to:

The Honorable Susan C. Bucklew
Counsel of Record

9

AO 72A
(Rev. 8/82)