[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13649

Non-Argument Calendar

_____

TIMOTHY BURKE,

                    Movant-Appellant,

*versus*

UNITED STATES OF AMERICA,

                    Intervenor Defendant- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-mc-00014-WFJ-SPF

_____

Case 8:23-mc-00014-WFJ-SPF   Document 59   Filed 05/28/24   Page 2 of 6 PageID 548
USCA11 Case: 23-13649   Document: 28-1   Date Filed: 05/24/2024   Page: 2 of 4

2                        Opinion of the Court                    23-13649

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal for lack of jurisdiction is GRANTED.  Timothy Burke appeals the denial of his motion to unseal the search warrant affidavit associated with the seizure of his records and for return of his property under Fed. R. Crim. P. 41(g).  Relating to the return of his property, the government argues that the court's order is not yet appealable because it is tied to an ongoing criminal prosecution.  Relating to the unsealing of the search warrant affidavit, the government argues that the appeal is moot because the magistrate judge has since unsealed the affidavit with minor redactions.

In order for a ruling on a preindictment motion to be immediately appealable, it must be independent from the judgment.  *DiBella v. United States*, 369 U.S. 121, 122-23, 126 (1962).  It must be "fairly severable from the context of a larger litigious process." *Id.* at 127 (quotation marks omitted).  "Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." *Id.* at 131-32.

A pending criminal investigation, even in the absence of a formal charge, may be enough to show that the motion is tied to a criminal prosecution.  *In re Sealed Search Warrant and Application for a Warrant by Tel. or Other Reliable Elec. Means ("Korf")*, 11 F.4th 1235, 1246 (11th Cir. 2021).  Also relevant is the purpose of the motion

Case 8:23-mc-00014-WFJ-SPF   Document 59   Filed 05/28/24   Page 3 of 6 PageID 549
USCA11 Case: 23-13649   Document: 28-1   Date Filed: 05/24/2024   Page: 3 of 4

23-13649                Opinion of the Court                3

and whether it seeks to attack the validity of the search and seizure. *Id.*; *Matter of Grand Jury Proceedings ("Berry")*, 730 F.2d 716, 717 (11th Cir. 1984).

Here, there were ongoing criminal proceedings at the time Burke filed his motion, given that materials were seized from his residence pursuant to a search warrant and an indictment subsequently was returned against him based on the seized materials. *See Korf*, 11 F.4th at 1246. Furthermore, Burke's motion attacked the constitutionality of the seizure. He argued that the property was wrongfully seized because he did not commit a crime, explaining that the government fundamentally misinterpreted 18 U.S.C. §§ 1030 and 2511, the statutes which he was ultimately charged with violating in the indictment. Although he argues that he was not seeking to suppress evidence, an indirect result of a favorable decision on his motion would be the suppression of evidence, as he sought return of all the seized materials, including all copies of electronic data. A favorable decision also would have implicated the viability of the charges in the indictment because those charges were grounded in the seized property. Accordingly, the order denying his motion for return of property is not sufficiently independent from the criminal matter to be immediately appealable. *See DiBella*, 369 U.S. at 131-32; *Korf*, 11 F.4th at 1245.

The parties suggest that *DiBella* governs the appealability of the entirety of the district court's order, but *DiBella* did not address an order denying a motion to unseal. We do not find any jurisdictional basis for an immediate appeal of that pretrial ruling,

Case 8:23-mc-00014-WFJ-SPF   Document 59   Filed 05/28/24   Page 4 of 6 PageID 550
USCA11 Case: 23-13649   Document: 28-1   Date Filed: 05/24/2024   Page: 4 of 4

4                        Opinion of the Court                  23-13649

including the collateral order doctrine.  The Supreme Court has strictly interpreted the collateral-order exception to the final judgment rule in criminal cases, so far limiting its application to orders that have denied four types of pretrial motions: (1) motions to reduce bail; (2) motions to dismiss on double jeopardy grounds; (3) motions to dismiss under the Speech or Debate Clause; and (4) orders permitting involuntary medication to restore competence to stand trial.  *Sell v. United States*, 539 U.S. 166, 176-77 (2003); *Flanagan v. United States*, 465 U.S. 259, 265-66 (1984); *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017).  The denial of Burke's motion to unseal the search warrant affidavit does not qualify for immediate review under the collateral order doctrine.  *See Will v. Hallock*, 546 U.S. 345, 350 (2006) ("And we have meant what we have said; although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership."); *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989).

     Accordingly, Burke's appeal is DISMISSED for lack of jurisdiction.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 24, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13649-FF
Case Style: Timothy Burke v. USA
District Court Docket No: 8:23-mc-00014-WFJ-SPF

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion